IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVOOS AMIRHOUR; HOSSEIN NOBAKHT,<br><br>            Plaintiffs,<br><br>   v.<br><br>MARRIOTT INTERNATIONAL INC., MVCI HOLIDAYS FRANCE SAS, MARRIOTT VACATION CLUB INTERNATIONAL, MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT DE GESTION HOTELIERE S.A.R.L.,<br><br>            Defendants.<br>                                                              / | No. C 06-01676 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this tort action, two of the five defendants, MVCI Holidays France SAS and Marriott International, Inc., have filed a joint motion to dismiss. MVCI Holidays France has moved to dismiss for lack of personal jurisdiction and on the basis of *forum non conveniens*. Marriott International seeks dismissal solely on the basis of *forum non conveniens*. For the reasons stated below, MVCI Holidays France's motion to dismiss for lack of personal jurisdiction is **GRANTED**. The motion to dismiss on *forum non conveniens* grounds is **DENIED**.

**STATEMENT**

In January 2005, plaintiff Tavoos Amirhour was a visitor to Marriott's Village d'Ile-de-France ("Village"). During that visit, Ms. Amirhour attempted to use a folding chair attached to the wall of the shower in her room. The chair collapsed and fell out of the wall. Ms. Amirhour

suffered a fractured pelvis and other injuries as a result of the incident. She alleges defendants negligently maintained the premises of the Village. Ms. Amirhour's husband, plaintiff Hossein Nobakht, states a claim for loss of consortium (Am. Compl. ¶¶ 6–8, 12–13).

Defendants removed this action from state court on March 3, 2006. Original defendants were Marriott International, Inc. and MVCI Holidays France SAS. Plaintiff amended the complaint on August 22, 2006, to add defendants Marriott Vacation Club International, Marriott Ownership Resorts, Inc., and Marriott De Gestion Hoteliere S.A.R.L. The instant motion is made by original defendants Marriott International and MVCI Holidays France. Both defendants seek dismissal on *forum non conveniens* grounds. MVCI Holidays France also seeks dismissal for lack of personal jurisdiction.[1]

MVCI Holidays France and Marriott International's motion to dismiss was originally filed on June 30, 2006. In plaintiffs' opposition to the motion, they requested an opportunity to conduct discovery on the jurisdictional issues. On September 8, this Court granted plaintiffs' request and deferred ruling on the motion. Plaintiffs were given until October 16 to file a supplemental opposition. On October 13, the parties appeared before this Court to resolve a discovery dispute alleged by plaintiffs. The Court extended the time for plaintiffs to conduct discovery, and allowed plaintiffs until November 16 to file their supplemental opposition. Plaintiffs' opposition was filed on November 16, and a supplemental reply by defendants was filed on November 27.

**ANALYSIS**

**1.  PERSONAL JURISDICTION.**

This order first addresses whether personal jurisdiction may properly be exercised over MVCI Holidays France. To comport with due process, the Court must consider whether MVCI Holidays France has sufficient "minimum contacts" with California, such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice."

---

[1] The amended complaint asserted the negligence and loss-of-consortium claims against all defendants: Marriott International, Inc., MVCI Holidays France SAS, Marriott Vacation Club International, Marriott Ownership Resorts, Inc., and Marriott De Gestion Hoteliere S.A.R.L. Defendants Marriott Vacation Club International and Marriott Ownership Resorts both filed answers to the first amended complaint and have not joined in the instant motion. To date, Marriott De Gestion Hoteliere has not appeared in this action.

2

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted). California's long-arm statute authorizes the exercise of jurisdiction on any basis not inconsistent with the state or federal Constitution. Cal. Code Civ. Proc. 410.10. As such, the analysis of personal jurisdiction collapses into a single inquiry under federal due process.

When a defendant moves to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam). "[T]he quantum of proof required to meet that burden may vary, depending upon the nature of the proceeding and the type of evidence which the plaintiff is permitted to present." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Where, as here, the parties were allowed full opportunity for discovery on the issue of personal jurisdiction, the plaintiff must at least show evidence constituting a prima facie case of jurisdiction, subject to resolution of any material issues of fact at trial.

Personal jurisdiction may be either general or specific. Specific jurisdiction is said to exist when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In contrast, general jurisdiction refers to the authority of the Court to exercise jurisdiction, even if the cause of action is unrelated to the defendant's contacts with the forum state. *Id.* at 414 n.9.

### A. General Jurisdiction.

In order for the Court to exercise general jurisdiction over a nonresident defendant, the plaintiff must demonstrate that defendant's contacts with the forum state are "substantial" or "continuous and systematic." *Id.* at 416; *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft*, 223 F.3d at 1086 (internal citations omitted).

Defendant MVCI Holidays France is a French corporation which owned and operated the resort at which Ms. Amirhour was injured, the Village. Plaintiff does not contend that MVCI Holidays France itself has sufficient contacts within California to "approximate physical presence." Instead, plaintiff contends that MVCI Holidays France had an agency relationship

3

1  with American affiliates Marriott International and Marriott Ownership Resorts.[2]  According to
2  the Ninth Circuit, "[t]he agency test is satisfied by a showing that the subsidiary functions as the
3  parent corporation's representative in that it performs services that are 'sufficiently important to
4  the foreign corporation that if it did not have a representative to perform them, the corporation's
5  own officials would undertake to perform substantially similar services.'" *Doe*, 248 F.3d at
6  928.  Courts may impute the subsidiary's contacts where the subsidiary was "either established
7  for, or is engaged in, activities that, but for the existence of the subsidiary, the parent would
8  have to undertake itself."

9  Plaintiffs' contention that either of the Delaware companies — Marriott International or
10  Marriott Ownership Resorts — acted as agents of MVCI Holidays France in California is
11  baseless.  Neither Marriott International nor Marriott Ownership Resorts owns or operates
12  MVCI Holidays France.  Plaintiffs have presented no evidence that at an "irreducible
13  minimum" shows that either Marriott International or Marriott Ownership Resorts "perform[ed]
14  some service or engage[d] in some meaningful activity in the forum state on behalf of [MVCI
15  Holidays France]."  *Doe*, 248 F.3d at 930.  Plaintiffs' opposition points to absolutely no
16  activities that the Delaware-based companies performed *in California* on behalf of MVCI
17  Holidays France.

18  Plaintiffs place significant weight on the role of Donna Hayhurst-Brown.  Marriott
19  International employs Ms. Hayhurst-Brown in Maryland as an International Entity
20  Administrator, whose job it is on a "day-to-day basis" to make sure that Marriott Vacation Club
21  International resorts, including MVCI Holidays France, are in compliance with local law.  For
22  example, she makes sure the international entities have annual meetings and works with local
23  counsel to ensure that applicable registration or corporate fees are paid to the local jurisdiction.
24  Ms. Hayhurst-Brown also obtains signatures of board members of those entities for board

---

[2] Marriott International is a publicly-held corporation organized under the laws of Delaware.  Marriott Vacation Club International is a fictitious business name for defendant Marriott Ownership Resorts, another Delaware corporation.  MVCI Holidays France was incorporated in France for the "sole purpose of sales and management" for the Village (Baghdadi Exh. A at 16).

4

resolutions or power of attorney (Am. Ghazi Decl. ¶ 6; Baghdadi Exh. A at 8, 29, 31, 41, 42, 49).

While the role of Ms. Hayhurst-Brown demonstrates that Marriott International exercises at least some authority over MVCI Holidays France, that is not the proper inquiry. It is irrelevant whether Marriott International assisted MVCI Holidays France *in France*. Plaintiffs simply do not allege facts supporting the theory that any of the other defendants performed an act *in California* for MVCI Holidays France. This order holds that there is no basis to exercise general jurisdiction over MVCI Holidays France under an agency theory.[3]

### B. Specific Jurisdiction.

A plaintiff may assert specific jurisdiction over a defendant where: (1) the defendant has purposefully availed himself of the benefits and protections of the forum state; (2) the claim arose directly out of defendant's contacts with the forum state; and (3) the exercise of jurisdiction is reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). This order holds that plaintiffs have not satisfied the first prong of the specific-jurisdiction analysis. There was no "purposeful availment" by MVCI Holidays France in California.

Plaintiffs argue that MVCI Holidays France purposefully availed itself of the benefits of conducting business in California by entering into a contract with plaintiffs' daughter, Lida Nobakht. Plaintiffs highlight the following facts in support of their contention. In November 1999, Ms. Nobakht purchased two weeks of timeshare interest in Marriott's Marbella Beach Resort in Spain. This agreement indicated that "Seller," "Management," and "Developer," who were MVCI Europe Limited, MVCI Management, and MVCI Espana, S.L., respectively, were all wholly-owned subsidiaries of Marriott International (Baghdadi Exh. D). In June 2001, Ms. Nobakht purchased a timeshare from defendant Marriott Ownership Resorts for Marriott's

---

[3] Indeed, the complex organizational flow chart shows that Marriott International, the parent of the Marriott company network, is about seven subsidiaries removed from MVCI Holidays France. The Supreme Court has stated: "[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him; nor does jurisdiction over a parent corporation automatically establish jurisdiction over a wholly owned subsidiary. Each defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.3 (1984) (internal citations omitted). Thus, even though Marriott International has conceded jurisdiction, that alone is not a sufficient basis to exercise jurisdiction over MVCI Holidays France. As stated above, plaintiffs do not contend that MVCI Holidays France had systematic or continuous contacts with California.

5

Newport Coast Villas, located near Newport Beach, California (Baghdadi Exh. E). In February 2004, Ms. Nobakht executed two additional timeshare contracts, each for one week of ownership at the Village near Paris. The contract stated that MVCI Holidays France was the "Seller." Another document Ms. Nobakht was required to sign, however, called an "Exhibit L," indicated that she had purchased a timeshare interest from Marriott Ownership Resorts (Baghdadi Exhs. F, F-2). Following her purchase, Ms. Nobakht received correspondence from the Village that identified the operator of the Village as Marriott Ownership Resorts, doing business as Marriott Vacation Club International. Between 2004 and 2005, Marriott Ownership Resorts was the only entity with the term "Marriott" in its name that would have sent correspondence to Ms. Nobakht (Baghdadi Exh. C; Baghdadi Exh. D at 6). Finally, plaintiffs point out that the contract Ms. Nobakht executed regarding the Village timeshare authorized Marriott Vacation Club International companies to contact her with other timeshare offers (Baghdadi Exh. F at 3).

The Ninth Circuit has stated: "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). Plaintiff has shown that MVCI Holidays France had a corporate relationship with other Marriott companies, including defendant Marriott Ownership Resorts. But plaintiff has not made a prima facie showing that MVCI Holidays France directed activity at California which would have invoked the benefits and protections of the laws of California. Nothing in the record or plaintiff's allegations supports a finding that MVCI Holidays France "performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the forum." *Pebble Beach Co.*, 453 F.3d at 1155.

Plaintiff contends that Ms. Nobakht was sent Marriott Vacation Club International newsletters and payment reminders in California. That alone, however, is insufficient to demonstrate that MVCI Holidays France directed any activities to California. Those newsletters and notices were only sent after Ms. Nobakht voluntarily contracted with Marriott

6

1  Ownership Resorts and expressly agreed that they could send her such notices.
2  Notwithstanding the undisputed fact that Marriott Ownership Resorts is a separate entity from
3  movant MVCI Holidays France, there is no evidence that even Marriott Ownership Resorts
4  reached out to Ms. Nobakht in California first. "The purposeful availment requirement ensures
5  that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or
6  attenuated contacts, or of the unilateral activity of another party or a third person." *Haisten v.*
7  *Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).[4]

8  Plaintiffs have not demonstrated that defendant MVCI Holidays France directed activity
9  toward California. "If any of the three requirements is not satisfied, jurisdiction in the forum
10 would deprive the defendant of due process of law." *Pebble Beach Co.*, 453 F.3d at 1155.
11 Accordingly, this order holds that specific jurisdiction may not be exercised over defendant
12 MVCI Holidays France.

13                                    *           *           *

14 In sum, defendant MVCI Holidays France must be dismissed from this action for lack of
15 personal jurisdiction.

16    **2.     *FORUM NON CONVENIENS*.**

17    Movants also seek dismissal of the entire case on *forum non conveniens* grounds. They
18 contend that this action bears no relationship to California, arose out of activity occurring in
19 France, and will involve the application of French civil law. Accordingly, they assert that
20 France is the most appropriate venue for this action.

21    A motion to dismiss on *forum non conveniens* grounds requires a court to: (1) make a
22 choice-of-law determination as to which country's law applies to the merits of the case,
23 (2) determine whether there is an adequate alternative forum, and (3) balance private and public
24 interest factors favors. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449

---

[4] Plaintiffs' reliance on *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 224 (1957), is misplaced. There, a Texas insurance company solicited a reinsurance contract with a resident of California. The Supreme Court held that a substantial connection existed between the Texas company and California for the California courts to exercise jurisdiction over the company. In the case at bar, there is no evidence that MVCI Holidays France solicited Ms. Nobakht's business in California before she entered into her Village timeshare agreement. *See Hanson v. Denckla*, 357 U.S. 235, 251 (1958).

7

1  (9th Cir. 1990). The burden is on defendants to demonstrate that another forum is adequate.
2  Furthermore, defendants must also "provide sufficient information to enable the district court to
3  balance the parties' interests."

4  The Ninth Circuit has held that "a choice of law determination must be made before a
5  district court dismisses a case under *forum non conveniens*." *Pereira v. Utah Transp., Inc.*, 764
6  F.2d 686, 688–89 (9th Cir. 1985). Although defendants allege throughout their papers that
7  French substantive law will apply, they have not submitted any evidence in support of this
8  contention. The Court is unable to make a choice of law determination at this point.
9  Regardless, as discussed below, even if French law applies to this case, defendants motion to
10 dismiss on *forum non conveniens* grounds must be denied.[5]

11 The requirement of an alternative forum is generally satisfied if the defendants are
12 amenable to process in the other jurisdiction. If the defendants agree to submit to the personal
13 jurisdiction of the foreign country, this requirement will be satisfied. *See id.* at 1150. Counsel
14 for movants states that "all of the Marriott-related Defendants will submit to jurisdiction in
15 France" (Supp. Reply Br. 9). The current motion, however, is only brought on behalf of
16 Marriott International and MVCI Holidays France. There is no evidence, in the form of sworn
17 affidavits or declarations, that any of the other defendants would submit to service in France.

18 Even if defendants could demonstrate that French law applied and that all defendants
19 would submit to French jurisdiction, this order finds that balancing the private- and public-
20 interest factors weighs in favor of plaintiffs. The Supreme Court has held that "unless the
21 balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be
22 disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), *superseded by statute on other*

---

[5] Plaintiffs did, however, submit evidence regarding the French statute of limitations. "The danger that the statute of limitations might serve to bar an action is one of the primary reasons for the limitation on the court's discretion with respect to the application of the doctrine of forum non conveniens." *Paper Operations Consultants Intern., Ltd. v. S.S. Hong Kong*, 513 F.2d 667, 672–73 (9th Cir. 1975). Defendants submitted the declaration of Alex Ghazi, a Vice President and Senior Counsel for Marriott Vacation Club International, whose office is in London, England. He received an LL.M. from the University of Paris X in 1993 and practiced with the Paris branch of the law firm Clifford Chance for two years. Ghazi's declaration states that "the applicable statute of limitations has not run in France for pursuing any legal proceeding against the parties in a court of competent jurisdiction in France" (Ghazi Decl. ¶¶ 1–2, 13). Ghazi did not discuss or cite to any French substantive tort law.

8

*grounds as recognized in Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.*, 725 F.Supp. 317 (S.D. Miss. 1989). Relevant "private interests" include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for unwilling witnesses; (3) the comparative cost of obtaining willing witnesses; (4) the possibility of a view of any affected premises; (5) the ability to enforce any judgment eventually obtained; (6) and "all other practical problems that make trial of a case easy, expeditious and inexpensive." The "public interest factors" include: (1) court congestion; (2) the unfairness of burdening citizens in an unrelated forum with jury duty; (3) the interest in having localized controversies decided at home; (4) the interest in trying the case in a forum familiar with the applicable law; and (5) the interest in avoiding unnecessary conflicts of laws. *Id.* at 508–509.

The private-interest factors here weigh in favor of plaintiffs. The strongest consideration in plaintiffs' favor is their choice of this forum. "[W]hile a U.S. citizen has no absolute right to sue in a U.S. court, great deference is due plaintiffs because a showing of convenience by a party who has sued in his home forum will usually outweigh the inconvenience the defendant may have shown." *Contact Lumber Co.*, 918 F.2d at 1449. Plaintiffs' daughter's declaration states: "Along with my brother, I provide monetary support to my parents. Neither my mother nor my father have any significant amount of financial assets. They would be unable to afford repeated travel to France for a trial, or any other purpose" (Nobakht Decl. ¶ 9). Defendants have not demonstrated a burden sufficient to outweigh plaintiffs' financial concerns. It is true that the location of the accident, some of the relevant witnesses, and the third-party company that installed of the shower chair are all located in France. These facts, however, are not enough for defendants to meet their "almost impossible burden in order to deny a citizen access to the courts of this country." *Contact Lumber Co.*, 918 F.2d at 1449. The following statement by the Second Circuit encapsulates the pertinent issue here: "For an individual of modest means, the obligation to litigate in a foreign country is likely to represent a considerably greater obstacle than for a large business organization — especially one maintaining a business presence in foreign countries. For this reason, such an individual's choice of the home forum may receive greater deference than the similar choice made by a large

1  organization which can easily handle the difficulties of engaging in litigation abroad." *Carey v.*
2  *Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 238 (2d Cir. 2004).

3  Nor do the public-interest factors strongly weigh in defendants' favor.  California has an
4  interest in this litigation as one of its residents was injured on account of the allegedly tortious
5  conduct of defendants.  Defendants' principal argument regarding the public-interest factors is
6  that the French courts are better situated to decide cases based on French law.  As noted above,
7  however, defendants have not demonstrated that French and California law provisions actually
8  conflict.  Nor is it clear that French law would be applicable in the event of a conflict.  *See Dole*
9  *Food Co. v. Watts*, 303 F.3d 1104, 1119 (9th Cir. 2002).  In any event, this order holds that
10 regardless of the law that applies, plaintiffs' choice of this forum outweighs the justifications for
11 dismissing this case on *forum non conveniens* grounds.

12 It is also worth adding that the Court has now become embroiled in supervising this
13 action.  Were the case dispatched to France, a new judge would have to come up to speed and
14 much of the effort in this case by counsel would be wasted.

## CONCLUSION

16 In conclusion, MVCI Holidays France SAS's motion to dismiss for lack of personal
17 jurisdiction is **GRANTED**.  Defendants' motion to dismiss for *forum non conveniens* is **DENIED**.
18 Defendants' motion to strike the declaration of Khaldoun Baghdadi is relevant only to the
19 personal jurisdiction issue, and is **DENIED** as moot.  The hearing, currently scheduled for
20 December 7, 2006, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: December 4, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10